**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE DOMAIN NAME AND ONE E-MAIL ACCOUNT SERVICED BY NAMECHEAP, INC.** | ML No. 19-1320 |

*Reference:     DOJ Ref. # CRM-182-70569; Subject Account(s): buzzretails.co.uk and rod@buzzretails.co.uk*

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and

3512(a), and the Treaty Between the United States of America and the Swiss Confederation on

Mutual Assistance in Criminal Matters, Switz.-U.S., May 25, 1973, 27 U.S.T. 2019 (hereinafter,

the "Treaty"), to execute a request from the Swiss Confederation ("Switzerland").  The proposed

Order would require NameCheap, Inc. ("PROVIDER"), an electronic communication service

and/or remote computing service provider located in Los Angeles, California, to disclose certain

records and other information pertaining to the PROVIDER account(s) associated with the

domain buzzretails.co.uk and the e-mail account rod@buzzretails.co.uk, as set forth in Part I of

Attachment A to the proposed Order, within ten days of receipt of the Order.  The records and

other information to be disclosed are described in Part II of Attachment A to the proposed Order.

In support of this application, the United States asserts:

**LEGAL BACKGROUND AND JURISDICTION**

1.        PROVIDER is a provider of an electronic communication service, as defined in

18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

Accordingly, the United States may use a court order issued under § 2703(d) to require

PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C.

§ 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

      2.      Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed

Order.  *See* Treaty art. 9(3) (authorizing courts to issue orders necessary to execute the request).

In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of

competent jurisdiction," as defined in 18 U.S.C. § 2711.  *See* 18 U.S.C. § 2703(d).  Specifically,

the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512."

18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or

order for contents of stored wire or electronic communications or for records related thereto, as

provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request

from a foreign authority under this section may be filed . . . in the District of Columbia").

      3.      Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1).  This application to execute Switzerland's request has been duly

authorized by an appropriate official of the Department of Justice, through the Criminal

Division, Office of International Affairs,[1] which has authorized execution of the request and has

---

[1]  The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

delegated the undersigned to file this application.  The undersigned has reviewed the request and

has confirmed that it was submitted by authorities in Switzerland in connection with a criminal

investigation and/or prosecution.

4.        A court order under § 2703(d) "shall issue only if the governmental entity offers

specific and articulable facts showing that there are reasonable grounds to believe that . . . the

records or other information sought, are relevant and material to an ongoing criminal

investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth

specific and articulable facts showing that there are reasonable grounds to believe that the

records and other information described in Part II of Attachment A are relevant and material to

an ongoing criminal investigation.

### RELEVANT FACTS

5.        Authorities in Switzerland are investigating an unknown individual for fraud

offenses, which occurred from January to February 2019, in violation of the criminal law of

Switzerland, specifically, Article 146 of the Swiss Criminal Code.  A copy of the applicable law

is appended to this application.  The United States, through the Office of International Affairs,

received a request from Switzerland to provide the requested records to assist in the criminal

investigation.  Under the Treaty, the United States is obligated to render assistance in response to

the request.

6.        According to authorities in Switzerland, from some unknown time in January

2019 until the end of February 2019, an unknown individual (the "suspect") gained unlawful

access to the e-mail account of an employee of a Swiss company ("Company A").  The suspect

forwarded the employee's incoming and outgoing e-mails to a particular Google e-mail account.

By intercepting the e-mails of Company A's employee, the suspect learned about Company A's

correspondence with their supplier ("Company B").

7.          The suspect then sent e-mails ("the e-mails") to Company A using the e-mail address rod@buzzretails.co.uk, purporting to be "Rod Irom" from Company B.  Company B's actual domain name differed by one letter from the domain name used by the suspect, buzzretails.co.uk.  The e-mails directed Company A to make payments to bank accounts controlled by the suspect.  As a result, on February 19, 2019, Company A made two payments, each approximately in the amount of CHF 67,889 (approximately USD 69,430), to the bank accounts designated by the suspect.  The fraud was not detected until early March 2019 when Company B inquired about outstanding payments.

8.          The domain buzzretails.co.uk and the e-mail account rod@buzzretails.co.uk are serviced by PROVIDER.  As a result, Swiss authorities seek records from PROVIDER in an effort to locate and identify the suspect as well as to determine the nature and scope of the suspect's criminal activities.

## <u>REQUEST FOR ORDER</u>

9.          The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help authorities in Switzerland identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity.  Accordingly, the United States requests that PROVIDER be directed to produce all items

described in Part II of Attachment A to the proposed Order within ten days of receipt of the

Order.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____

Martyna Pospieszalska
Trial Attorney
NY Bar Number 5018528
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C.  20530
(202) 598-8012 telephone
(202) 514-0080 facsimile
Martyna.Pospieszalska@usdoj.gov

**Relevant Provision of the Swiss Criminal Code**

**Art. 146 Fraud**

(1) Any person who with a view to securing an unlawful gain for himself or another willfully induces an erroneous belief in another person by false pretenses or concealment of the truth, or willfully reinforces an erroneous belief, and thus causes that person to act to the prejudice of his or another's financial interests, is liable to a custodial sentence not exceeding five years or to a monetary penalty.

(2) If the offender acts for commercial gain, he is liable to a custodial sentence not exceeding ten years or to a monetary penalty of not less than 90 daily penalty units.

(3) Fraud to the detriment of a relative or family member is prosecuted only on complaint.